

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HERLINDA ARREOLA DE VEGA, | § | No. 08-19-00236-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law Number Five |
| GUSTAVO VEGA MUNOZ, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2018DCM7176) |
| | § | |

## **O P I N I O N**

Appellant, Herlinda Arreola De Vega, appeals from a final decree of divorce in which the trial court granted the divorce between her and Appellee, Gustavo Vega Munoz. On appeal, Appellant complains the trial court abused its discretion when dividing marital property. We affirm.

### I. BACKGROUND

Appellant filed her original petition for divorce citing insupportability, cruel treatment, and adultery as grounds for divorce. She also requested a disproportionate share of the community estate based on fault in the breakup of the marriage and health of spouses. After hearing evidence at the final hearing, the trial court granted the divorce on insupportability. The trial court made a

division of the martial property which included awarding vehicles and household items to the parties. Specific to this appeal, the trial court ordered the marital residence to be sold and ordered the proceeds from the sale to be split 54 percent to Appellant and 46 percent to Appellee. Following the trial court's entry of the final decree of divorce, Appellant filed a motion for new trial. The trial court denied Appellant's motion for new trial and Appellant filed her notice of appeal.

After the time for filing the reporter's record had passed, we notified Appellant by letter dated November 19, 2019, that the reporter's record had not been filed and directed Appellant to notify this Court of what arrangements would be made. In the event no response was received by December 9, 2019, we further warned that the appeal would be considered on the clerk's record alone. By copy of the letter, we further asked the court reporter to notify the clerk's office immediately when satisfactory arrangements were received. After receiving a second notice from the court reporter that no arrangements had been made, we sent a second notice on December 11, 2019. Our second notice stated that it appeared to this Court that no reporter's record would be filed for the appeal and it would be considered on the clerk's record only. We received no response to our notice. Appellant later filed her brief without the reporter's record.

## II.    DISCUSSION

In her only issue on appeal, Appellant asserts the trial court erred in not finding adultery committed by Appellee, and consequently, not awarding Appellant a disproportionate division of the marital estate. Because Appellant failed to pay the reporter's fee and assure the filing of the reporter's record of the bench trial, we cannot address her sole issue.

*Standard of Review*

The questions on whether a trial court erred in the division of the martial estate and by

2

granting a divorce on insupportability are reviewed under an abuse of discretion standard. *Escalante v. Escalante*, No. 08-18-00067-CV, 2020 WL 3892761, at \*3 (Tex. App.—El Paso July 10, 2020, no pet.); *In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.); *Lisk v. Lisk*, No. 01-04-00105-CV, 2005 WL 1704768, at \*4 (Tex. App.—Houston [1st Dist.] July 21, 2005, no pet.) (mem. op.). The trial court has wide discretion in making a just and right division of the community estate and we do not correct the division unless a clear abuse of discretion is shown. TEX. FAM. CODE ANN. § 7.001; *Lisk*, 2005 WL 1704768, at \*4. A clear abuse of discretion is shown when a trial court acts unreasonably or arbitrarily and without reference to any guiding rules and principles. *In re Marriage of C.A.S.*, 405 S.W.3d at 382. An appellant's burden requires them to present a record showing error requiring reversal and when an appellant fails to bring forth a record, a presumption arises that the reporter's record would support the trial court's judgment. *Interest of E.J.G.*, No. 04-18-00499-CV, 2019 WL 2439109, at \*2 (Tex. App.—San Antonio June 12, 2019, no pet.) (mem. op.).

*Analysis*

Here, Appellant failed to make pay arrangements for the reporter's fee and failed to assure the proper filing of a reporter's record. A reporter's record is necessary to determine whether the trial court abused its discretion in granting the divorce on insupportability and the division of marital property. *Cruz v. Cruz*, No. 14-19-00016-CV, 2019 WL 2942630, at \*4 (Tex. App.—Houston [14th Dist.] July 9, 2019, no pet.) (mem. op); *Interest of E.J.G.*, 2019 WL 2439109, at \*2. Appellant asserts an argument that the trial court failed to consider adultery committed by Appellee and abused its discretion in awarding Appellee a 46 percent interest in the martial home. Without the reporter's record, Appellant cannot demonstrate that the trial court committed any

3

error in its findings or its division. *Interest of E.J.G.*, 2019 WL 2439109, at *2. We presume the trial court heard sufficient evidence to make all necessary findings in support of the trial court's judgment in dividing the marital estate. *Cruz*, 2019 WL 2942630, at *4; *Interest of E.J.G.*, 2019 WL 2439109, at *2. For these reasons, we overrule Appellant's sole issue.[1]

### III.　CONCLUSION

We affirm.

GINA M. PALAFOX, Justice

April 28, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.

---

[1] It has not gone unnoticed by the Court that both parties' briefing includes citations to a reporter's record. Yet, for our purposes, no record was provided. Our review is thus limited to the appellate record provided. *In Interest of A.S.*, No. 05-14-01558-CV, 2016 WL 409576, at *1 (Tex. App.—Dallas Feb. 3, 2016, no pet.) (mem. op.). Our record demonstrates that Appellant failed to make pay arrangements with the court reporter to ensure the filing of the reporter's record and such deficiency was not otherwise cured over a reasonable period of time. In such instances, "the appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and decide those issues or points that do not require a reporter's record for a decision." TEX. R. APP. P. 37.3(c). Having given notice and opportunity to cure, and having received no response, we proceeded accordingly.